## CHARLESTON.

### TOWN OF CASS v. C. P. HAMRICK

Submitted March 13, 1923.    Decided June 19, 1923.

MUNICIPAL ·CORPORATIONS—*Warrant Charging Violation of Ordinance Prohibiting Operator of Pool Table to Permit any Other Game Commonly Known as Baseball Pool Held Defective.*

A warrant charging the defendant with violation of a municipal ordinance which makes it an offense for the owner or operator of a pool table to permit any other person to play the game commonly known as base-ball pool, is defective for failing to allege that the defendant was the owner or operator of a pool table; and such warrant should be quashed on motion.

Error to Circuit, Pocahontas County.

C. P. Hamrick was convicted of the violation of an ordinance prohibiting the owner or operator of pool table from permitting any other person to play the game commonly known as baseball pool, and he brings error.

*Reversed.*

*W. B. & E. L. Maxwell* and *H. S. Rucker,* for plaintiff in error.

LITZ, JUDGE:

The defendant was tried and convicted before the mayor of the town of Cass on a warrant issued by said mayor, March 3d, 1922, charging that "on the .... day of ...... 1922, in the county of Pocahontas, State of West Virginia, town of Cass, C. P. Hamrick (the defendant) did violate Ordinance No. 2 known as the Base Ball Pool ordinance, wherein the said C. P. Hamrick *permit* persons to play at the game known as base ball pool, in violation of said ordinance." The ordinance in question prohibits an owner or operator of a pool room from permitting "any other person to play the game commonly known as base ball pool."

On appeal from this conviction to the circuit court of

Pocahontas county, the defendant was convicted by a jury April 8th, 1922. The court entered judgment against him on the jury's verdict, April 17th, 1922, for $25.00 fine and costs. From that judgment he prosecutes this writ of error.

At the trial in the circuit court the defendant moved to quash the warrant on the ground, among others, that it failed to allege, in conformity to the ordinance, that he was the owner or operator of a pool table. Error is assigned to the overruling of this motion and to certain other rulings of the court.

We are of opinion that the warrant was defective in the particular specified; and, as it is too late for the issuance of a new warrant, the statute of limitation having run before the submission of the case to this Court, we deem it unnecessary to consider other assignments, involving omission in the warrant and ordinance to define the game, and power of the municipality to declare it a crime.

The judgment of the circuit court will, therefore, be reversed, the motion to quash the warrant sustained, and the defendant discharged.

*Reversed.*